JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05876-RGK<br>2:26-cv-05879-RGK | Date | November 5, 2026 |
| Title | ***In Re: Philip M. Lawrence, II*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Bankruptcy Appeal**

## I. INTRODUCTION

This appeal concerns the dismissal of Appellants Patrizio Moi, Moi Productions, Inc., and The Record Plant's adversary proceeding against Appellee Philip M. Lawrence, II ("Debtor"). After Debtor filed for Chapter 11 bankruptcy, Appellants commenced this adversary proceeding against Debtor to except debt from discharge based on Debtor's allegedly fraudulent conduct. Appellants' operative First Amended Complaint ("FAC") asserted claims under 11 U.S.C. § 523, seeking to hold Debtor liable for non-dischargeable debt equal to the damages determined in an underlying state court action (the "State Action"). After the State Action was dismissed, the Bankruptcy Court granted Debtor's motion for summary judgment and denied Appellants' motion for summary judgment as moot (the "Bankruptcy Court's Order").

On May 19, 2026, Appellants filed two separate Notices of Appeal with this Court, both of which seek review of the Bankruptcy Court's Order. (No. 26-cv-05879, ECF No. 1; No. 26-cv-05876, ECF No. 1.) Appellants' first appeal requests that the Court reverse the Bankruptcy Court's Order granting Debtor's motion for summary judgment. Appellants' second appeal requests that the Court reverse the Bankruptcy Court's Order denying Appellants' motion for summary judgment as moot. The Court considers both appeals together.

For the following reasons, the Bankruptcy Court's Order is **AFFIRMED**.

## II. FACTUAL BACKGROUND

The following facts are based on the record of appeal and allegations in the FAC:

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05876-RGK<br>2:26-cv-05879-RGK | Date | November 5, 2026 |
| Title | ***In Re: Philip M. Lawrence, II*** | | |

Between 2015 and 2020, Debtor, Appellants, and other third parties purportedly negotiated and executed agreements for Debtor to transfer ownership interests in a recording studio and related assets to Appellants and other third parties. Notwithstanding the executed agreements, the transfer of interests and assets never realized. In July 2021, Debtor filed the State Action against Appellants, to which Appellants filed a cross-complaint against Debtor.

On December 12, 2023, after Debtor filed for Chapter 11 bankruptcy, Appellants commenced this adversary proceeding against Debtor, alleging in the FAC that Debtor incurred debts through fraudulent conduct in connection with the parties' attempts to transfer the recording studio and related assets. Specifically, Appellants alleged that Debtor executed transfer documents without intending to perform them and instead retained control over the assets. Appellants also alleged that Debtor fraudulently filed the State Action in order to delay Appellants' possession of the recording studio business and related assets while Debtor converted the assets. The FAC requested relief under 11 U.S.C. § 523 "determining that (1) [Debtor] is liable to [Appellants] in the full amount of the eventual Judgment to be entered in [the State Action], (2) that said liability is non-dischargeable; and (3) [for] the attorney's fees and costs incurred by [Appellants]." During the pendency of this adversary proceeding, however, the parties in the State Action stipulated to dismiss the claims in the State Action with prejudice. The Superior Court subsequently closed the State Action without entering judgment.

On April 16, 2026, the Bankruptcy Court granted Debtor's motion for summary judgment, finding there were no damages to recover in the adversary proceeding because there was no judgment in the State Action. The Bankruptcy Court also denied Appellants' motion for summary judgment as moot. Appellants subsequently filed their Notices of Appeal on May 19, 2026.

## III. JURISDICTION

The Bankruptcy Court's Order entered final judgment in Appellee's favor. Thus, this Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1).

## IV. JUDICIAL STANDARD

A bankruptcy court's decision to grant or deny summary judgment is reviewed *de novo*. *In re Lane*, 959 F.3d 1226, 1229 (9th Cir. 2020). "In adversary proceedings before the bankruptcy court, the familiar summary judgment standard established in Federal Rule of Civil Procedure 56 applies." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008); *see* Fed. R. Bankr. P. 7056.

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the

outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing "must establish beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a)–(b).

On issues where the moving party does not have the burden of proof at trial, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense, or show that the nonmoving party does not have enough evidence to prove an essential element. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *Celotex Corp*, 477 U.S. at 325 (1986). To defeat a summary judgment motion, the nonmoving party may not merely rely on his pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmoving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the nonmoving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. When evaluating evidence at the summary judgment stage, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157 (1970)).

## V. <u>DISCUSSION</u>

In granting summary judgment for Debtor, the Bankruptcy Court found that Appellants could not recover any damages because they sought damages equal to the judgment in the State Action, which ceased to exist after the State Action's dismissal. Since the Bankruptcy Court granted summary judgment for Debtor, the Bankruptcy Court denied Appellants' cross-motion for summary judgment as moot. Appellants request reversal, arguing that Appellants' claims did not depend on a judgment in the State Action and that Debtor did not otherwise meet its initial burden as the moving party under Rule 56. For the following reasons, the Court affirms the Bankruptcy Court's Order.

The record shows that Debtor met its initial burden as the moving party by producing evidence negating an essential element of Appellants' § 523 claims—damages. *See In re Jacuinde*, 2009 WL 9083939, at *6 (E.D. Cal. Apr. 16, 2009) ("Damages are an essential element of a § 523 claim for relief."). Specifically, Debtor demonstrated that Appellants' recovery depended on the damages in the

State Action, and the dismissal of the State Action rendered Appellants' claim for damages in this adversary proceeding non-existent. Accordingly, Debtor met its burden under Rule 56 by negating an essential element of Appellants' claims. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102.

Appellants urge the Court to read the Appellants' other allegations in the FAC, which purportedly demonstrate that Appellants' damages existed independently of a judgment in the State Action. Appellants' argument fails for two reasons. First, Appellants never raised in its six-page opposition to Debtors' motion for summary judgment that other allegations in the FAC demonstrate that damages existed independently of the State Action. Appellants did not point to any other allegations whatsoever in their opposition to Debtor's motion for summary judgment. Accordingly, the issue was not properly raised in the bankruptcy court proceeding and will not be considered for the first time on appeal. *See In re Ezra*, 537 B.R. 924, 932 (9th Cir. BAP 2015) ("Ordinarily, federal appellate courts will not consider issues not properly raised in the trial courts."); *In re Singh*, 2018 WL 2671444, at *8 (9th Cir. June 5, 2018) (rejecting to consider new arguments raised on appeal that were not presented to the bankruptcy court).[1]

Second, regardless of the other allegations in the FAC concerning Appellants' damages, there is no genuine dispute of fact that Appellants' damages in this adversary proceeding are directly tied to the damages sought in the State Action. Indeed, Appellants' § 523 claims not only seek damages equal to any judgment in the State Action, but they also seek judicial determination that such damages constitute non-dischargeable debt. Accordingly, since there are no damages in the State Action, there are no damages in this adversary proceeding to be deemed non-dischargeable debt.

The Court affirms the Bankruptcy Court's Order granting summary judgment for Debtor, and therefore also affirms the Bankruptcy Court's Order denying Appellants' motion for summary judgment as moot.

## VI. CONCLUSION

For the following reasons, the Bankruptcy Court's Order is **AFFIRMED**.

**IT IS SO ORDERED.**

[1] Appellants raise several other new arguments on appeal. For example, Appellants argue that the FAC's request for attorney's fees and costs demonstrates that the FAC's requested relief exists independently from the damages sought in the State Action. Appellants also point to the Bankruptcy Court's prior finding at the pleading stage that Appellants plausibly alleged a concrete injury, purportedly showing that Appellants' damages exist independently. But since these arguments were not properly raised at summary judgment, the Court need not consider them.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05876-RGK<br>2:26-cv-05879-RGK | Date | November 5, 2026 |
| Title | ***In Re: Philip M. Lawrence, II*** | | |

cc: US BK Advesary No., 1:23-ap-01053-VK
USBC Central District of CA at San Fernando Valley, 1:23-bk-11082-VK
US BAP of the Ninth Cicuit, CC-26-01097
US BAP of the Ninth Cicuit, CC-26-01098

: 

Initials of Preparer JRE